**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

GABRIEL LIZANA                                                              **PLAINTIFF**

VS.                                          CIVIL ACTION NO.   2:08CV64-KS-MTP

JOY ROSS                                                                  **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court upon a Motion to Dismiss for Failure to Exhaust

Available Administrative Remedies, and For Stay [21], filed by Defendant Joy Ross.  Plaintiff is

proceeding *pro se* and *in forma pauperis*.  Having considered the Motion, Plaintiff's Response

[25], all documents made a part of the record of this case, and the applicable law, the

undersigned recommends that the Motion be granted and that Plaintiff's Complaint be dismissed

without prejudice.

<u>Factual Background</u>

Plaintiff is currently incarcerated in South Mississippi Correctional Institution ("SMCI").

Plaintiff filed suit *pro se* on March 20, 2008, pursuant to 42 U.S.C. § 1983, alleging that he was

the victim of an assault-for-hire scheme in which Defendant presumably violated his

constitutional rights by disclosing to specific inmates at SMCI the crime for which Plaintiff had

been convicted.[1]  Plaintiff alleges that Defendant encouraged these inmates to physically and

verbally abuse Plaintiff.

Finding Plaintiff's Complaint insufficiently vague, this Court issued an Order [11] on

April 10, 2008 directing Plaintiff to supplement his Complaint, requesting that he state a specific

---

[1]Plaintiff is currently serving a seven-year sentence for fondling a child.

injury suffered as a result of Defendant's alleged actions, and requesting that he state whether an altercation took place between himself and his fellow inmates.  In his Response [12], Plaintiff stated that Defendant had "breached [his] safety" by refusing to intervene when Plaintiff was assaulted by a fellow inmate and that Defendant also failed to intervene when Plaintiff was threatened by a third inmate.  Plaintiff also stated that Defendant had "breached the confidentiality of [his] charge."

Defendant Joy Ross filed a Motion to Dismiss [21] on May 29, 2008.  On June 6, 2008, Plaintiff filed an Affidavit [24] alleging that he had been assaulted and harassed since the filing of his Complaint.  In his Response [25] to Defendant's Motion to Dismiss, Plaintiff alleged continuing threats and harassment but failed to address the arguments put forth by Defendant in her Motion.

<u>Analysis</u>

42 U.S.C. § 1997e(a) requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983.  A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because  "proper exhaustion of administrative remedies is necessary."  *Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006); *see also Johnson v. Ford*, 2008 WL 118365, at *2 (5th Cir. Jan. 14, 2008) (stating that the Fifth Circuit takes "a strict approach" to the Prison Litigation Reform Act ("PLRA")'s exhaustion requirement)(*citing Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't.*, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008)(under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules.")(citation omitted).

Miss. Code Ann. § 47-5-801 grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities.  Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") "through which an offender may seek formal review of a complaint relating to any aspect of their incarceration."  MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK[2] at Ch. VIII, ¶ 3.  The ARP is a three-step process.  Inmates are required to initially submit their grievances in writing to a Division Head or Adjudicator  within thirty days of an incident.  If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response.  If the inmate is unsatisfied with this response, he may appeal to the Superintendent or Warden of the institution, who will then issue a Second Step Response.  If still aggrieved, the inmate may appeal to the Commissioner of MDOC, who will issue a Third Step Response.  After the Third Step Response is issued, the Administrator of the ARP will issue the inmate a certificate stating that the inmate has exhausted his administrative remedies and that he can proceed to court.  *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK at Ch. VIII; *see also Cannady v. Epps*, 2006 WL 1676141, at *1 (S.D. Miss. June 15, 2006).  MDOC's ARP program received court approval in *Gates v. Collier*, GC 71-6-S-D (N.D. Miss. 1971) (order dated February 15, 1994).  *Porter v. Hemphill*, 2006 WL 1050532, at *1 (N.D. Miss. April 20, 2006).  *See Russell v. Johnson*, 2003 WL 22208029, at *1 (N.D. Miss. May 21, 2003).

Plaintiff has not filed any ARP requests in connection with the incidents alleged in his

---

[2]Available at http://www.mdoc.state.ms.us/Inmate%20Handbook.htm (last visited 6/4/08).

Complaint or subsequent filings with this Court.  In his form Complaint [1], Plaintiff expressly acknowledged that he had not filed any grievances with the ARP.  Complaint, p. 3.  In response to a question regarding the reason for his failure to file a grievance, Plaintiff stated "Imminent danger of threat of Physical and Mental Injury."  In the statement of his claim, however, Plaintiff did not explain if a threat exists that is preventing him from participating in the ARP, and he made no allegations, in his Complaint or in any of his subsequent filings, of being threatened with harm as a consequence of filing a grievance through the ARP.

       As stated by the U.S. Supreme Court:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.  The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.  A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . .

*Woodford*, 126 S.Ct. at 2388.  Because Plaintiff chose not to participate in MDOC's ARP process and he has not undertaken even the first of the required three steps, he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).  *See id.*[3]

       Moreover, to the extent that Plaintiff is arguing that his failure to exhaust should be excused, such an argument is unavailing.  This is not a situation "in which the system

---

[3]*See also Johnson*, 2008 WL 118365 at *4 (dismissing prisoner complaint for failure to exhaust administrative remedies based on untimely filing of grievance); *Lane*, 2008 WL 116333 at *1 (affirming dismissal of prisoner complaint for failure to exhaust administrative remedies by failing to complete administrative review process); *Agee v. Berkebile*, 2008 WL 199906 at *3 (N.D. Tex. Jan. 24, 2008)(holding that by failing to resubmit a corrected version of procedurally defective grievance, prisoner "voluntarily halted the administrative process prematurely" and therefore did not exhaust his administrative remedies).

deliberately devised procedural requirements designed to 'trap' and 'defeat [the] claims' of unwary prisoners." *Johnson*, 2008 WL 118365 at *4 (*citing Woodford*, 126 S.Ct. at 2392)(brackets in original).  Nor does Plaintiff allege, or offer any evidence, that "prison officials . . . ignore[d] or interfered with [his] pursuit of an administrative remedy."  *Id.* (*citing Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)).  Further, there is no basis for excusing plaintiff's failure to exhaust "based on a policy of preventing inefficiency or a failure to further the interests of justice or the purposes of the exhaustion requirement."  *Id.* (*citing Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)).  Plaintiff appears to believe that his claims, by their very nature, should excuse him from the requirements of exhaustion.  This belief is irreconcilable with the law concerning exhaustion in the context of claims brought under Section 1983.  Accordingly, the appropriate remedy for this Court is to dismiss Plaintiff's claims without prejudice for failure to exhaust.

<u>Recommendation</u>

For the foregoing reasons, it is the recommendation of this Court that Defendant's Motion to Dismiss for Failure to Exhaust Available Administrative Remedies, and for Stay [21] be granted and that Plaintiff's Complaint be dismissed without prejudice.

<u>Notice of Right to Object</u>

In accordance with the rules of 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this Recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the Magistrate Judge, and the opposing party.  The District Judge may at that time accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or the District Judge may receive further evidence or

recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Court to which the party has not objected. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 17th day of June, 2008.

s/Michael T. Parker
United States Magistrate Judge